**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Michael Johnson,<br><br>Plaintiff,<br>v.<br><br>Optimum Outcomes, Inc.,<br><br>Defendant. | Civil Action No.: ______<br><br><br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Michael Johnson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Michael Johnson ("Plaintiff"), is an adult individual residing in McDonough, Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Optimum Outcomes, Inc. ("Optimum") is a business entity located in Downers Grove, Illinois, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

5. An individual other than Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to Optimum for collection, or Optimum was employed by the Creditor to collect the Debt.

8. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Optimum Engages in Harassment and Abusive Tactics

9. Within the past year, Optimum began calling Plaintiff's cellular telephone, number 770-XXX-0172, in an attempt to reach "Asia Haliburton" (the "Debtor").

10. At all times mentioned herein, Optimum called Plaintiff from telephone number 877-795-9819 using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice.

11. Plaintiff never provided his cellular telephone number to Optimum and never provided his consent to receive automated calls on that number.

12. In addition, on one occasion Plaintiff spoke with a live representative and requested that Optimum stop calling his cellular telephone number because he was not the Debtor.

13. Nevertheless, Optimum continued to place automated calls to Plaintiff's cellular telephone number in an attempt to collect the Debt.

**C. Plaintiff Suffered Actual Damages**

14. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

15. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

18. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

19. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

21. Plaintiff is entitled to damages as a result of Defendant's violations.

**COUNT II**
**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.***

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS and using a prerecorded or artificial voice.

24. Despite being directing to cease all calls, Defendant continued to place automated calls to Plaintiff's cellular telephone number. As such, each call

placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

25. The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

26. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);
5. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 2, 2016

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.

Attorney Bar No.: 598666
Attorney for Plaintiff Michael Johnson
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com